## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TAOLA CHANDLER,**

    **Plaintiff,**

**v.**

**KROGER CO., and KROGER
LIMITED PARTNERSHIP I,**

    **Defendants.**

**DOCKET NO.:** *CT-5273-20*
**DIVISION:** *IX*
**JURY DEMANDED**

F I L E D
DEC 18 2020
CIRCUIT COURT CLERK
BY _____ D.C.

## COMPLAINT FOR DAMAGES

    **COMES NOW,** Plaintiff Taloa Chandler, pursuant to the Tennessee Rules of Civil Procedure, and files this Complaint for Personal Injuries against Defendants, Kroger Co. and Kroger Limited Partnership I, and would respectfully state unto this Honorable Court the following, to wit:

### PARTIES

1. Plaintiff, Taloa Chandler, (hereafter "Plaintiff") is an adult resident of Collierville, Shelby County, Tennessee

2. Upon information and belief, Defendant, Kroger Co. (hereafter "Defendant Kroger"), is an Ohio Company, licensed to do business in Tennessee, whose principal address is 1014 Vine Street, Cincinnati, Ohio 45202, and can be served with process through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3. Upon information and belief, Defendant, Kroger Limited Partnership I (hereafter "Defendant Partnership"), is an Ohio Limited Partnership, licensed to do business in Tennessee, whose principal address is 1014 Vine Street, Cincinnati, Ohio 45202, and can be served with process

through its registered agent Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. At all times pertinent to this Complaint, Defendant, Kroger Limited Partnership I, and Defendant Kroger Co., owned, operated and/or maintained the Kroger Store and Pharmacy, located at 1366 Poplar Avenue, Memphis, Tennessee 38104. (Kroger Limited Partnership I, and Kroger Co, hereafter collectively as "Defendants")

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint for Damages are based in tort and occurred in Shelby County, Tennessee.

6. Venue is properly situated in the Court pursuant to inter alia, Tenn. Code Ann. § 29-20-308, due all or part of this cause of action arose within Shelby County, Tennessee.

7. Plaintiff is asserting a general negligence claim against the Defendants arising out or the creation of a dangerous condition and dangerous policies and procedures on the premises and failure to warn patrons.

## FACTS

8. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

9. At all times pertinent to this Complaint, Defendants owned, operated and/or controlled a grocery store and pharmacy chain called Kroger, with a location at 1366 Poplar Avenue, Memphis, Tennessee 38104 (hereafter "Store").

10. On or about December 22, 2019, Plaintiff was on the Defendants' premises as a paying customer.

11. As Plaintiff was walking to her vehicle, she suddenly and without warning, slipped and fell on

an apple that had been discarded in the Store parking lot.

12. The discarded apple created the dangerous and/or defective condition.

13. There were no warning signs or any other indications in the parking lot to warn customers of the dangerous condition.

14. As a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer bodily injuries that required emergent and long-term care.

15. At all times relevant to this Complaint, Defendants had actual and/or constructive knowledge of the dangerous condition that caused Plaintiff to fall because the dangerous condition as Defendants' employees and/or agents were charged with maintaining the premises.

## CAUSE OF ACTION
## NEGLIGENCE

16. Plaintiff repeats the allegations contained in paragraphs 1-15 as though set forth verbatim.

17. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns, were negligent in their failure to adequately maintain the area where Plaintiff fell.

18. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns, were negligent in their failure to warn Plaintiff of the possibility of injury while on the premises.

19. Defendants, by and through the actions and/or inactions of their employees agents and/or assigns, were negligent in their failure to conduct a reasonable inspection of the premises, failing to adhere to store policy, and/or failing to institute an appropriate policy to maintain the premises in a safe manner.

20. Defendants, by and through the actions and/or inactions of their employees, agents and/or assigns, were negligent in their failure to maintain a safe environment for Plaintiff and other patrons, while at the Store.

21. Upon information and belief, Defendants had, or should have had, actual and/or constructive notice of the dangerous and/or defective condition that caused Plaintiff's injuries.

22. Plaintiff would further show into the Court that he was exercising due diligence and keeping a proper lookout around and about for her own safety, but that she could not see the dangerous condition until the very moment that he fell.

## COMPENSATORY DAMAGES

23. The Plaintiff repeats the allegations contained in paragraphs 1-22 as though set forth herein verbatim.

24. Plaintiff charges and alleges that as a result of the negligence of the Defendants, Plaintiff suffered severe, serious and permanent injuries, including, but not limited to the following:

    a.  Broken left elbow;

    b.  Medical expenses, past, present and future;

    c.  Severe pain and suffering;

    d.  Loss of the enjoyment of life;

    e.  Injuries both temporary and permanent in nature;

    f.  Prejudgment and/or post judgement interest to the extent permitted by law; and

    g.  Severe fright and shock.

25. Plaintiff further seeks damages for personal injury, pain and suffering in an amount to be proven at train from the Defendants' gross negligence.

## RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Taloa Chandler, respectfully prays:

1.  That the Plaintiff be awarded the present cash value of any medical care and treatment that he

has or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors' expenses according to proof;

3. That Plaintiff be awarded compensatory damages in the amount of One Million and no/100ths Dollars ($1,000,000.00) in actual, and compensatory damages;

4. That Plaintiff be awarded post-judgement interests as allowed by law;

5. That a jury be empaneled to try the issues when joined;

6. Any and all such further relief as the Court may deem just and equitable; and

7. The reservation of Plaintiff's right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**THE LAW OFFICES OF JOHN MICHAEL BAILEY**

Ethan D. Sandifer (TN 35310)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TAOLA CHANDLER,**

    **Plaintiff,**

v.

**KROGER CO., and KROGER
LIMITED PARTNERSHIP I,**

    **Defendants.**

**DOCKET NO.:** CT-5273-20
**DIVISION:** IX
**JURY DEMANDED**

FILED
DEC 18 2020
CIRCUIT COURT CLERK
BY _____ D.C.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
## PROPOUNDED TO DEFENDANT KROGER CO.

    **COMES NOW,** Plaintiff, Taola Chandler (hereafter "Plaintiff"), by and through undersigned

counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Request

for Admissions to the Defendants, Kroger Co. (hereafter "Defendant"), to be answered fully under

oath and within the time frame prescribed by law.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Please admit that Defendant owns the premises.

**REQUEST NO. 2:** Please admit that the Defendant operates the premises as a business.

**REQUEST NO. 3:** Please admit that the purpose of the business is a grocery store retail chain.

**REQUEST NO. 4:** Please admit that there are policies in place regarding inspection of the property.

**REQUEST NO. 5:** Please admit that there are policies in place regarding locating dangerous

conditions and correcting the issues.

**REQUEST NO. 6:** Please admit that these policies were in effect on December 22, 2019.

**REQUEST NO. 7:** Please admit that the Plaintiff was on the premises on December 22, 2019.

**REQUEST NO. 8:** Please admit that the Plaintiff was on the premises as a business invitee.

**REQUEST NO. 9:** Please admit that the Plaintiff fell on December 22, 2019 on the Defendant's property.

**REQUEST NO. 10:** Please admit that the Plaintiff complained of pain and injury at the scene.

**REQUEST NO. 11:** Please admit that management was notified of the incident.

**REQUEST NO. 12:** Please admit that management made a report.

**REQUEST NO. 13:** Please admit that management conducted an investigation.

**REQUEST NO. 14:** Please admit that management prepared a written report of the investigation.

**REQUEST NO. 15:** Please admit that management retains said written report.

**REQUEST NO. 16:** Please admit/deny that Kroger Co. is the proper party or is a proper party to this suit.

**REQUEST NO. 17:** Please admit/deny that service of process is proper.

**REQUEST NO. 18:** Please admit/deny that service is within one year of the date of the injury complained of herein.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

2

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TAOLA CHANDLER,**

    **Plaintiff,**

**v.**

**KROGER CO., and KROGER**
**LIMITED PARTNERSHIP I,**

    **Defendants.**

**DOCKET NO.:** _CT-5273-20_
**DIVISION:** _IX_
**JURY DEMANDED**

FILED
DEC 18 2020
CIRCUIT COURT CLERK
BY _____ D.C.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
## PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, KROGER CO.

**COMES NOW,** Plaintiff, Taola Chandler (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant, Kroger Co. (hereafter "Defendant"), to be answered fully under oath, and within the timeframe prescribed by law.

## INSTRUCTIONS

1.    Each Interrogatory shall be continuing so as to require you to file supplemental answers pursuant to the Tennessee Rules of Civil Procedure.

2.    Each Interrogatory calls for information in the named Defendant's possession, custody or control, or in the possession, custody or control of Defendant's present or former officers, directors, employees, representatives, agents, consultants, contractors, subcontractors, and legal counsel, unless privileged or otherwise protected.

3.    With respect to any information that is withheld on a claim of privilege, provide at the time of responding to these Interrogatories, a statement signed by an attorney representing Defendant setting forth as to each such item of information withheld:

    a.      The identity of the person(s) having knowledge of the information;

    b.      The identity of all persons to whom the information was communicated or otherwise made available;

    c.      The job title or position of every person identified in response to subparagraphs (a) and (b);

    d.      The date(s) on which the information was received or became known by each person having knowledge of its existence;

    e.      A brief description of the nature and subject matter of the information; and

    f.      The statute, rule, or decision that is claimed to give rise to the privilege.

4.      Each part of the following Interrogatories, whether a numerical paragraph or one of the subparagraphs, is to be answered separately and fully.

5.      If objection is made to an Interrogatory, or any portion thereof, the Interrogatory or portion thereof shall be specified and, as to each, all reasons for objections shall be stated fully by the responding party.

6.      If all the information furnished in an answer to all or any part of an Interrogatory is not within the personal knowledge of the person signing the Interrogatory, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the person signing the Interrogatory any part of the information furnished.

7.      If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing and under oath immediately after the time the answer becomes known or available.

## DEFINITIONS

As used herein:

1.  "And" includes "or" and "or" includes "and"; "any" includes "all" and "all" includes "any"; "each" includes "every" and "every" includes "each".

2.  "Company" or "entity" means any form of business, wherever organized, including, without limitation, any corporation, sole proprietorship, partnership (general or limited), joint venture, association, group, government agency and agent, firm or other business enterprise or legal entity which is not a natural person, and means both the singular and plural.

3.  "Define" when used with reference to a phrase or term, means (a) state the meaning of the phrase or term; and (b) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term upon whose testimony Defendant presently intends to rely at trial.

4.  "Describe" means to explain fully by reference to underlying facts rather than conclusions of fact or law.

5.  "Document" means originals or any exact copies of written, recorded, transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced, reproduced, disseminated or made, including, but not limited to, any memoranda, inter-office or intra-office communications, letters, studies, reports, summaries, articles, releases, notes, records of conversation, minutes, statements, comments, speeches, testimony, notebooks, drafts, data sheets, work sheets, records, statistics, charts, contracts, diaries, bills, accounts, graphics or oral records, representations of any kind (including, without limitation, photographs, plats, charts, graphs, microfiche, microfilm, video tape recordings and motion pictures), tapes, data procession sheets or cards, computer or word processing disks, or other written, printed,

3

typed, aural, or recorded material in the possession, custody or control of Defendant. The term "document" also means all copies or reproductions of all the foregoing items upon which notations in writing, print, or otherwise have been made that do not appear on the originals. To the extent the data processing cards, magnetic tapes, or other computer-related materials are produced, produce all programs, instructions, and other similarly related information necessary to read, comprehend and otherwise utilize said data processing cards, magnetic tapes, or other computer-related materials.

6.  "Identify", when used with reference to a natural person, means to state his or her (a) full name; (b) present business and/or residence address and telephone numbers: (c) present business affiliation, address, title or position; (d) if different from (c), the group, origination or business the person was representing at any time relevant to the answer to a specific Interrogatory; and (e) home address. If this information is not known, furnish such information as was last known.

7.  "Identify", when used with reference to a business entity, means to state its (a) full name; (b) form of organization (e.g., corporation, partnership); (c) place of incorporation; and (d) address of its principal place of business. If this information is not known, furnish such information as was last known.

8.  "Identify", when used in reference to an act, action, activity, omission, or event, means to state (a) the identity of each person who participated in such act, action, activity, omission, or event in detail; and (c) the identity of each person having knowledge of the act, action, activity, omission, or event.

9.  "Identify", when used in reference to a document, means to state (a) the type of document or some other means of identifying it (e.g., letter, memorandum, report, etc.); (b) its subject

4

matter; (c) the identity of its author(s), signer(s), and any person who participated in its preparation; (d) the identity of each addressee or recipient; (e) the identity of each person to whom copies were sent and each person by whom copies were received; (f) its title and date; and (g) its present location and the identity of its custodian (if any such document was, but is no longer in, the possession of or subject to the control of the Defendant, state what and when disposition was made of it).

10.      "Identify", when used with reference to a conversation, oral communication, discussion, oral statement or interview, means (a) state the date upon which it took place; (b) identify each person who participated in it, witnessed it and/or overheard it; (c) state what was said by each such person, including the issues and matters discussed; and (d) identify each document which describes or relates to it.

11.      "Individual" or "person" means any natural person, including, without limitation, an officer, director, employee, agent, representative, distributor, supplier, independent contractor, licensee or franchisee, and it includes any corporation, sole proprietorship, partnership, joint venture, group, government agency and agent, firm or other business enterprise or legal entity, which is not a natural person, and means both are singular and the plural.

12.      "The parties" as used herein shall be interpreted to refer to all parties to this litigation.

13.      "You" and "your" means the party answering the Interrogatory or responding to the Request for Production of Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, and phone number of the person answering for the Defendant.

**INTERROGATORY NO. 2:** State the position within the corporation of the person answering

5

these interrogatories.

**INTERROGATORY NO. 3:** Please state if the person answering these interrogatories has corporate authority to answer on behalf of the corporation.

**INTERROGATORY NO. 4:** Has the corporate entity been correctly identified. If the answer is no, please state the correct name of the corporate entity.

**INTERROGATORY NO. 5:** Please state affirmatively if the Defendant is the proper party or a proper party in this lawsuit. If not, who is?

**INTERROGATORY NO. 6:** If you assert, in whole or in part, that process or service of process was insufficient, please state the complete factual basis for your denial or qualification, citing all ways in which you believe process or service of process was insufficient, and identifying all witnesses and/or documents which support such a defense.

**INTERROGATORY NO. 7:** Please identify all persons with knowledge, known to you of the incident, whether or not you intend to call them as a witness, along with their address and phone number.

**INTERROGATORY NO. 8:** For all such persons identified in Interrogatory number 7, please give a description of their knowledge of the incident.

**INTERROGATORY NO. 9:** Who was the manager on duty at the time of the incident, along with their address and phone number.

**INTERROGATORY NO. 10:** Please state the managers understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 11:** Please state all other employees who witnessed the incident, before, during and after along with their addresses, and phone numbers.

**INTERROGATORY NO. 12:** With all persons identified in the Interrogatory number 11, state their

6

understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 13:**  Please state any other individual not employed by Defendant, who witnessed the incident or has knowledge of incident, along with their addresses and phone numbers.

**INTERROGATORY NO. 14:**  With regard the individuals listed in Interrogatory number 13, state their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 15:**  Please identify the entities or individual/s who investigated the incident.

**INTERROGATORY NO. 16:**  Please identify the individual who authored the investigative report.

**INTERROGATORY NO. 17:**  Please identify the entities or individual/s who are in possession of the investigative report.

**INTERROGATORY NO. 18:**  Please state the corporate policies for locating dangerous conditions and correcting those conditions.

**INTERROGATORY NO. 19:**  Please state all corporate training policies for staff.

**INTERROGATORY NO. 20:**  Please state whether there are written training materials for employees and the name of the entities or individuals who are in possession of these training materials.

**INTERROGATORY NO. 21:**  Please identify all employees on duty on December 23, 2019, who had been trained pursuant to the above stated policies.

**INTERROGATORY NO. 22:**  Please identify all employees on duty on December 23, 2019, who had not been trained pursuant to the above stated policies.

**INTERROGATORY NO. 23:**  For each expert witness whom you intend to call as a witness at the

trial of this case, please state the following specific information:

   a.  The name, home and business address, area of specialty and a full description of his/her training, education and practical experience in the field in which he or she will be offered as an expert;

   b.  The subject matter on which the expert is expected to testify;

   c.  The substance of the facts and opinions to which the expert is expected to testify; and

   d.  A summary of the ground for each such opinion.

**INTERROGATORY NO. 24:** Please list any documents, books, photographs, video tapes, cassette recordings and/or investigation reports or other tangible items that you intend to use in the trial of this case and the name, address and telephone number of the person having possession of these such items as well as the contents of each such item and the date they were made.

**INTERROGATORY NO. 25:** Do you know of the existence of any photographs of the scene of the incident or any object or person involved in said incident sued upon?  If so, please state the number of photographs, date taken, describe what they depict and state the name, address and telephone number of the person(s) taking such photographs, and the current location of such photographs.

**INTERROGATORY NO. 26:** Please state whether or not you have a copy of any statement which Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

**INTERROGATORY NO. 27:** Please describe in detail any conversations your employees, agents or representative have had with the Plaintiff or Plaintiff's representatives following the accident in question.

**INTERROGATORY NO. 28:** Please identify each and every complaint filed against this

8

Defendant, whether formal or informal during the previous five years for any type of negligence or personal injury, identifying the parties, cause number court and caption for each such proceeding.

**INTERROGATORY NO. 29:** Has the Defendant, or anyone acting on his behalf, had Plaintiff, under surveillance or made any observations concerning his activities during any period of time since the date of his injuries as noted in the Complaint, and if so please state the following:

        a.      Each date such surveillance was maintained;

        b.      The name, address, and job title of each investigator and/or other person who maintained such surveillance;

        c.      The activities in which Plaintiff was engaged during any such period of surveillance; and

        d.      Each location at which surveillance was maintained.

**INTERROGATORY NO. 30:** Do you assert comparative fault on the Plaintiff and identify witnesses who support that contention along with their addresses, and phone numbers.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all documents relied upon to answer the preceding Interrogatories.

**REQUEST NO. 2:** Please produce copies of all training manuals that were in effect on the date of the incident.

**REQUEST NO. 3:** Please produce copies of all inspection logs for the date of the incident.

**REQUEST NO. 4:** Please produce a copy of the incident report and any subsequent investigative report made regarding the incident in question.

**REQUEST NO. 5:** Please produce a copy of the Plaintiff's statement.

**REQUEST NO. 6:** Please produce copies of any photographs, motion pictures, video recordings,

tape recordings, and any other similar documents or things depicting the scene of the incident or any object or person involved in the incident.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TAOLA CHANDLER,**

     **Plaintiff,**

**v.**

**KROGER CO., and KROGER
LIMITED PARTNERSHIP I,**

     **Defendants.**

DOCKET NO.: CT-5273-20
DIVISION: IX
JURY DEMANDED



CIRCUIT COURT CLERK
BY _____ D.C.

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
### PROPOUNDED TO DEFENDANT KROGER LIMITED PARTNERSHIP I

     **COMES NOW**, Plaintiff, Taola Chandler (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Request for Admissions to the Defendants, Kroger Limited Partnership I (hereafter "Defendant"), to be answered fully under oath and within the time frame prescribed by law.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Please admit that Defendant owns the premises.

**REQUEST NO. 2:** Please admit that the Defendant operates the premises as a business.

**REQUEST NO. 3:** Please admit that the purpose of the business is a grocery store retail chain.

**REQUEST NO. 4:** Please admit that there are policies in place regarding inspection of the property.

**REQUEST NO. 5:** Please admit that there are policies in place regarding locating dangerous conditions and correcting the issues.

**REQUEST NO. 6:** Please admit that these policies were in effect on December 22, 2019.

**REQUEST NO. 7:** Please admit that the Plaintiff was on the premises on December 22, 2019.

**REQUEST NO. 8:** Please admit that the Plaintiff was on the premises as a business invitee.

**REQUEST NO. 9:** Please admit that the Plaintiff fell on December 22, 2019 on the Defendant's property.

**REQUEST NO. 10:** Please admit that the Plaintiff complained of pain and injury at the scene.

**REQUEST NO. 11:** Please admit that management was notified of the incident.

**REQUEST NO. 12:** Please admit that management made a report.

**REQUEST NO. 13:** Please admit that management conducted an investigation.

**REQUEST NO. 14:** Please admit that management prepared a written report of the investigation.

**REQUEST NO. 15:** Please admit that management retains said written report.

**REQUEST NO. 16:** Please admit/deny that Kroger Co.is the proper party or is a proper party to this suit.

**REQUEST NO. 17:** Please admit/deny that service of process is proper.

**REQUEST NO. 18:** Please admit/deny that service is within one year of the date of the injury complained of herein.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

2

**IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

**TAOLA CHANDLER,**

     **Plaintiff,**

**v.**

**KROGER CO., and KROGER
LIMITED PARTNERSHIP I,**

     **Defendants.**

**DOCKET NO.:** _CT-5273-20_
**DIVISION:** _IX_
**JURY DEMANDED**

FILED
DEC 18 2020
CIRCUIT COURT CLERK
BY_____ D.C.

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED
TO DEFENDANT, KROGER LIMITED PARTNERSHIP I**

---

**COMES NOW,** Plaintiff, Taola Chandler (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant, Kroger Limited Partnership I (hereafter "Defendant"), to be answered fully under oath, and within the timeframe prescribed by law.

## INSTRUCTIONS

1.    Each Interrogatory shall be continuing so as to require you to file supplemental answers pursuant to the Tennessee Rules of Civil Procedure.

2.    Each Interrogatory calls for information in the named Defendant's possession, custody or control, or in the possession, custody or control of Defendant's present or former officers, directors, employees, representatives, agents, consultants, contractors, subcontractors, and legal counsel, unless privileged or otherwise protected.

3.    With respect to any information that is withheld on a claim of privilege, provide at the time

of responding to these Interrogatories, a statement signed by an attorney representing Defendant setting forth as to each such item of information withheld:

      a.     The identity of the person(s) having knowledge of the information;

      b.     The identity of all persons to whom the information was communicated or otherwise made available;

      c.     The job title or position of every person identified in response to subparagraphs (a) and (b);

      d.     The date(s) on which the information was received or became known by each person having knowledge of its existence;

      e.     A brief description of the nature and subject matter of the information; and

      f.     The statute, rule, or decision that is claimed to give rise to the privilege.

4.     Each part of the following Interrogatories, whether a numerical paragraph or one of the subparagraphs, is to be answered separately and fully.

5.     If objection is made to an Interrogatory, or any portion thereof, the Interrogatory or portion thereof shall be specified and, as to each, all reasons for objections shall be stated fully by the responding party.

6.     If all the information furnished in an answer to all or any part of an Interrogatory is not within the personal knowledge of the person signing the Interrogatory, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the person signing the Interrogatory any part of the information furnished.

7.     If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to

the entire Interrogatory by supplemental answer in writing and under oath immediately after the time the answer becomes known or available.

## DEFINITIONS

As used herein:

1.    "And" includes "or" and "or" includes "and"; "any" includes "all" and "all" includes "any"; "each" includes "every" and "every" includes "each".

2.    "Company" or "entity" means any form of business, wherever organized, including, without limitation, any corporation, sole proprietorship, partnership (general or limited), joint venture, association, group, government agency and agent, firm or other business enterprise or legal entity which is not a natural person, and means both the singular and plural.

3.    "Define" when used with reference to a phrase or term, means (a) state the meaning of the phrase or term; and (b) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term upon whose testimony Defendant presently intends to rely at trial.

4.    "Describe" means to explain fully by reference to underlying facts rather than conclusions of fact or law.

5.    "Document" means originals or any exact copies of written, recorded, transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced, reproduced, disseminated or made, including, but not limited to, any memoranda, inter-office or intra-office communications, letters, studies, reports, summaries, articles, releases, notes, records of conversation, minutes, statements, comments, speeches, testimony, notebooks, drafts, data sheets, work sheets, records, statistics, charts, contracts, diaries, bills, accounts, graphics or oral records, representations of any kind (including, without limitation, photographs, plats,

3

charts, graphs, microfiche, microfilm, video tape recordings and motion pictures), tapes, data procession sheets or cards, computer or word processing disks, or other written, printed, typed, aural, or recorded material in the possession, custody or control of Defendant. The term "document" also means all copies or reproductions of all the foregoing items upon which notations in writing, print, or otherwise have been made that do not appear on the originals. To the extent the data processing cards, magnetic tapes, or other computer-related materials are produced, produce all programs, instructions, and other similarly related information necessary to read, comprehend and otherwise utilize said data processing cards, magnetic tapes, or other computer-related materials.

6.   "Identify", when used with reference to a natural person, means to state his or her (a) full name; (b) present business and/or residence address and telephone numbers: (c) present business affiliation, address, title or position; (d) if different from (c), the group, origination or business the person was representing at any time relevant to the answer to a specific Interrogatory; and (e) home address.  If this information is not known, furnish such information as was last known.

7.   "Identify", when used with reference to a business entity, means to state its (a) full name; (b) form of organization (e.g., corporation, partnership); (c) place of incorporation; and (d) address of its principal place of business.  If this information is not known, furnish such information as was last known.

8.   "Identify", when used in reference to an act, action, activity, omission, or event, means to state (a) the identity of each person who participated in such act, action, activity, omission, or event in detail; and (c) the identity of each person having knowledge of the act, action, activity, omission, or event.

4

9.      "Identify", when used in reference to a document, means to state (a) the type of document or some other means of identifying it (e.g., letter, memorandum, report, etc.); (b) its subject matter; (c) the identity of its author(s), signer(s), and any person who participated in its preparation; (d) the identity of each addressee or recipient; (e) the identity of each person to whom copies were sent and each person by whom copies were received; (f) its title and date; and (g) its present location and the identity of its custodian (if any such document was, but is no longer in, the possession of or subject to the control of the Defendant, state what and when disposition was made of it).

10.     "Identify", when used with reference to a conversation, oral communication, discussion, oral statement or interview, means (a) state the date upon which it took place; (b) identify each person who participated in it, witnessed it and/or overheard it; (c) state what was said by each such person, including the issues and matters discussed; and (d) identify each document which describes or relates to it.

11.     "Individual" or "person" means any natural person, including, without limitation, an officer, director, employee, agent, representative, distributor, supplier, independent contractor, licensee or franchisee, and it includes any corporation, sole proprietorship, partnership, joint venture, group, government agency and agent, firm or other business enterprise or legal entity, which is not a natural person, and means both are singular and the plural.

12.     "The parties" as used herein shall be interpreted to refer to all parties to this litigation.

13.     "You" and "your" means the party answering the Interrogatory or responding to the Request for Production of Documents.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** State the name, address, and phone number of the person answering

5

for the Defendant.

**INTERROGATORY NO. 2:** State the position within the corporation of the person answering these interrogatories.

**INTERROGATORY NO. 3:** Please state if the person answering these interrogatories has corporate authority to answer on behalf of the corporation.

**INTERROGATORY NO. 4:** Has the corporate entity been correctly identified. If the answer is no, please state the correct name of the corporate entity.

**INTERROGATORY NO. 5:** Please state affirmatively if the Defendant is the proper party or a proper party in this lawsuit. If not, who is?

**INTERROGATORY NO. 6:** If you assert, in whole or in part, that process or service of process was insufficient, please state the complete factual basis for your denial or qualification, citing all ways in which you believe process or service of process was insufficient, and identifying all witnesses and/or documents which support such a defense.

**INTERROGATORY NO. 7:** Please identify all persons with knowledge, known to you of the incident, whether or not you intend to call them as a witness, along with their address and phone number.

**INTERROGATORY NO. 8:** For all such persons identified in Interrogatory number 7, please give a description of their knowledge of the incident.

**INTERROGATORY NO. 9:** Who was the manager on duty at the time of the incident, along with their address and phone number.

**INTERROGATORY NO. 10:** Please state the managers understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 11:** Please state all other employees who witnessed the incident, before,

6

during and after along with their addresses, and phone numbers.

**INTERROGATORY NO. 12:** With all persons identified in the Interrogatory number 11, state their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 13:** Please state any other individual not employed by Defendant, who witnessed the incident or has knowledge of incident, along with their addresses and phone numbers.

**INTERROGATORY NO. 14:** With regard the individuals listed in Interrogatory number 13, state their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 15:** Please identify the entities or individual/s who investigated the incident.

**INTERROGATORY NO. 16:** Please identify the individual who authored the investigative report.

**INTERROGATORY NO. 17:** Please identify the entities or individual/s who are in possession of the investigative report.

**INTERROGATORY NO. 18:** Please state the corporate policies for locating dangerous conditions and correcting those conditions.

**INTERROGATORY NO. 19:** Please state all corporate training policies for staff.

**INTERROGATORY NO. 20:** Please state whether there are written training materials for employees and the name of the entities or individuals who are in possession of these training materials.

**INTERROGATORY NO. 21:** Please identify all employees on duty on December 22, 2019, who had been trained pursuant to the above stated policies.

**INTERROGATORY NO. 22:** Please identify all employees on duty on December 22, 2019, who

had not been trained pursuant to the above stated policies.

**INTERROGATORY NO. 23:** For each expert witness whom you intend to call as a witness at the trial of this case, please state the following specific information:

        a.     The name, home and business address, area of specialty and a full description of his/her training, education and practical experience in the field in which he or she will be offered as an expert;

        b.     The subject matter on which the expert is expected to testify;

        c.     The substance of the facts and opinions to which the expert is expected to testify; and

        d.     A summary of the ground for each such opinion.

**INTERROGATORY NO. 24:** Please list any documents, books, photographs, video tapes, cassette recordings and/or investigation reports or other tangible items that you intend to use in the trial of this case and the name, address and telephone number of the person having possession of these such items as well as the contents of each such item and the date they were made.

**INTERROGATORY NO. 25:** Do you know of the existence of any photographs of the scene of the incident or any object or person involved in said incident sued upon? If so, please state the number of photographs, date taken, describe what they depict and state the name, address and telephone number of the person(s) taking such photographs, and the current location of such photographs.

**INTERROGATORY NO. 26:** Please state whether or not you have a copy of any statement which Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

**INTERROGATORY NO. 27:** Please describe in detail any conversations your employees, agents or representative have had with the Plaintiff or Plaintiff's representatives following the accident in

8

question.

**INTERROGATORY NO. 28:** Please identify each and every complaint filed against this Defendant, whether formal or informal during the previous five years for any type of negligence or personal injury, identifying the parties, cause number court and caption for each such proceeding.

**INTERROGATORY NO. 29:** Has the Defendant, or anyone acting on his behalf, had Plaintiff, under surveillance or made any observations concerning his activities during any period of time since the date of his injuries as noted in the Complaint, and if so please state the following:

        a.     Each date such surveillance was maintained;

        b.     The name, address, and job title of each investigator and/or other person who maintained such surveillance;

        c.     The activities in which Plaintiff was engaged during any such period of surveillance; and

        d.     Each location at which surveillance was maintained.

**INTERROGATORY NO. 30:** Do you assert comparative fault on the Plaintiff and identify witnesses who support that contention along with their addresses, and phone numbers.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all documents relied upon to answer the preceding Interrogatories.

**REQUEST NO. 2:** Please produce copies of all training manuals that were in effect on the date of the incident.

**REQUEST NO. 3:** Please produce copies of all inspection logs for the date of the incident.

**REQUEST NO. 4:** Please produce a copy of the incident report and any subsequent investigative report made regarding the incident in question.

**REQUEST NO. 5:** Please produce a copy of the Plaintiff's statement.

**REQUEST NO. 6:** Please produce copies of any photographs, motion pictures, video recordings, tape recordings, and any other similar documents or things depicting the scene of the incident or any object or person involved in the incident.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorney for Plaintiff*

*SERVED WITH COMPLAINT*

## IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

TALOA CHANDLER )
)
Plaintiff, )
Vs. )          No. CT-5279-2070
KROGER CO., and KROGER )
LIMITED PARTNERSHIP I )
Defendant. )

DEC 18 2020
CIRCUIT COURT CLERK
BY _____
D.C.

### COST BOND

I/We, Taloa Chandler _____ as Principal(s), and
John Michael Bailey Injury Lawyers _____. as Surety are held and firmly bound unto
the Circuit Court Clerk of Shelby County, Tennessee for the payment of $500.00
Surety costs against the principal(s). To that end, we bind ourselves, our heirs,
executors and administrators.

The Principal(s) is/are commencing legal proceedings in the Circuit Court
for Shelby County, Tennessee. If the Principal(s) shall pay(s) $500.00 costs,
which are adjudged against them, then this obligation is void. If the Principal(s)
fail(s) to pay, then the surety shall undertake to pay $500.00 costs adjudged
against the Principal(s) mandated at Tennessee Code Annotated § 20-12-120 et
seq.

### PRINCIPAL(S)

| | |
|---|---|
| Taloa Chandler | |
| Principal | Principal |
| Social Security #   XXX-XX-XXXX | Social Security # _____ |
| 3768 Fairoaks Avenue | |
| Street Address | Street Address |
| Memphis, TN 38122 | |
| City, ST, Zip | City, TN, Zip |
| | |
| Employer | Employer |
| | |
| Employer's Street Address | Employer's Street Address |
| | |
| City, ST, Zip | City, ST, Zip |
| | |
| John Michael Bailey Injury Lawyers | |
| Surety | Surety |

### SURETY

| | |
|---|---|
| John Michael Bailey Injury Lawyers | 5978 Knight Arnold Road, Suite 400 |
| Surety | Street Address |
| | |
| | Memphis, TN 38115 |
| Signature | City, ST, Zip |

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| TALOA CHANDLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.:   CT-5273-20 |
| | ) | Div. IX |
| KROGER LIMITED PARTNERSHIP | ) | |
| THE KROGER CO. | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Kroger Limited Partnership I and The Kroger Company (hereinafter collectively "Kroger" or "Defendants"), by and through its counsel, hereby gives notice to the Circuit Court for Shelby County, Tennessee, and to Ethan D. Standifer that the Defendants have filed a Notice of Removal with the United States District Court for the Western District of Tennessee, and that this case has been removed to that court. A copy of the Notice of Removal is attached hereto.

**LEWIS, THOMASON, KING, KRIEG
  & WALDROP, P.C.**

By:  s/Christopher L. Vescovo
CHRISTOPHER L. VESCOVO (14516)
LAURA L. DEAKINS (30131)
*Attorneys for Defendants, Kroger Limited
Partnership I and The Kroger Company*
40 South Main Street, Suite 2900
Memphis, TN 38103
(901) 525-8721
cvescovo@lewisthomason.com
ldeakins@lewisthomason.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of January, 2021, a copy of the foregoing pleading has been delivered to all parties at interest in this cause via electronic mail, ECF, and/or by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

> Ethan D. Sandifer (TN 35310)
> 5978 Knight Arnold Road, Suite 400
> Memphis, TN 38115
> Phone: (901) 529-1111
> Fax: (901) 529-1017
> *Attorney for Plaintiff*

> s/Christopher L. Vescovo

10094869

2